By the Court.—Sedgwick, Ch. J.
I am of opinion that the prayer of the petition was properly denied. The judgment, which it was asked should be set aside, had been carried into effect. The fund, which the Bankruptcy assignee now claims, had been paid over to the plaintiff. It is not necessary now to ask what would have been the remedy of the bankruptcy assignee, if the fund had been in existence at the time of the petition, either in court or in the plaintiffs’ hands. The fund had become part of the general property of the plaintiffs, and there was not any attempt to trace it.
It was not claimed that the plaintiffs had practiced any deception upon the court or abused its process, or •even acted fraudulently as to the petitioner. There was, therefore, no ground that the court, acting upon the motion of the assignees, should assert its power by order and proceedings for contempt, to compel a wrong-deer to place matters in statu quo.
The plaintiffs could not have been compelled to replace the fund on the principles that apply to orders of restitution ; because, although the judgment might have been set aside, it would not have been set aside for the reason that it then appeared that the plaintiff had no right to the fund, or owed the petitioner the .amount of it; but simply to allow a new litigation as to who was entitled to it. To justify an order of *350 restitution, it must at the time appear that the prevailing party was not entitled to the judgment which has been set aside.
Under these circumstances, an order that the plaintiffs should pay the amount into court would express an adjudication as to his obligation to the petitioner to do so, and could not be enforced by proceedings to put them in contempt, or by execution.
It is clear, that unless the fund was restored, the rest of the relief prayed for would be useless. The thing claimed by the answer of the petitioners, if they were allowed to make one, or by any proceeding they might take, would be, that they were entitled to that part of the fund that represented the individual property of the bankrupt in the partnership assets. Such a claim could have no object if there were no fund. Any claim they might make that the plaintiffs wrongfully took and were not entitled to take that part of the fund, inasmuch as the assignee was its true owner, would, if the position was valid on the law and the facts, entitle the assignee to a judgment for damages. This, however, is a substantive cause of action, which must be asserted in an action. In advance of a judgment determining such a cause of action in petitioner’s favor, there can be no adjudication in his favor that would allow setting aside the judgment which the plaintiffs have obtained in this action. In effect, the assignee asks a decision in his favor upon the merits, in a proceeding where the plaintiffs are not, by law, called upon to frame an issue as to the merits.
The order should be affirmed, with costs, and the disbursements to be taxed.
Freedman, J., concurred.